# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY G. WELLS AND KATHLEEN M. WELLS, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA HOME LOAN SOLUTIONS et al., <br><br> Defendants. | Civil No. 07cv1040 J (AJB) <br><br> **ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES** |

Before the Court is Defendant First Federal Bank of California's ("First Federal") Motion for Award of Attorneys' Fees. [Doc. No. 23.] Plaintiffs Stanley G. Wells and Kathleen M. Wells ("Plaintiffs") oppose the Motion. [Doc. No. 26.] The Court determined that the issues presented were appropriate for decision without oral argument pursuant to Civil Local Rule 7.1.d.1. [Doc. No. 30.] For the reasons set forth below, the Court **GRANTS** the Motion for Award of Attorneys' Fees.

*Background*

On June 7, 2007, Plaintiffs filed a Complaint alleging federal and state law claims against several defendants, including First Federal. [Doc. No. 1.] The bulk of the Complaint details the alleged wrongdoing of Defendant California Home Loan Solutions ("California Home"). According to the Complaint, California Home engaged in predatory lending practices in extending credit to persons in residential real estate transactions. (Compl. ¶ 14.) The Complaint

seeks rescission of home equity loans brokered by California Home. (*Id.* ¶ 1.) Plaintiffs allege that First Federal, which holds a deed of trust on the property which is the subject of this action, loaned money to Plaintiffs to fund the home equity loan. (*Id.* ¶ 19.) Plaintiffs allege the following claims against First Federal: (1) First Federal failed to provide notice of Plaintiffs' right to rescind and notice of certain finance charges in violation of the federal Truth in Lending Act (TILA); (2) First Federal participated in a fee-splitting agreement in violation of the federal Real Estate Settlement Procedures Act; (3) First Federal used unfair business practices in violation of California Business and Professions Code § 17200; (4) First Federal was negligent under state law by funding a loan with a mortgage broker that engaged in predatory lending practices; and (5) Plaintiffs are entitled to rescission of their loan with First Federal under California Civil Code § 1689. (*See* Compl. ¶¶ 71, 82, 87, 173, 182.)

First Federal filed its Answer on July 23, 2007. [Doc. No. 9.] On August 2, 2007, First Federal sent Plaintiffs' counsel a letter requesting that First Federal be dismissed from the action. (Opp'n at 1.) First Federal attached documentation showing that Plaintiffs had in fact received and signed notices explaining their right to rescind. (*Id.*) First Federal's alleged failure to provide these notices had been the basis of Plaintiffs' TILA claim against First Federal. (*See id.*) After investigating the information set forth in the letter, reviewing the attached documents, and weighing the economics of further litigation, Plaintiffs agreed to dismiss First Federal from the action. (*Id.* at 1.) On August 15, 2007, the parties filed a joint motion to dismiss First Federal with prejudice. [Doc. No. 16.] On August 16, 2007, the Court issued an order granting the joint motion to dismiss First Federal. [Doc. No. 18.] On August 30, 2007, First Federal filed the instant Motion for Award of Attorneys' Fees. [Doc. No. 23.]

## *Discussion*

First Federal alleges that under California law, a prevailing party includes a defendant voluntarily dismissed from an action. (Mot. at 3.) Because the parties filed a joint motion to dismiss First Federal with prejudice, First Federal argues that it is a prevailing party. (*Id.*) First Federal further asserts that as a prevailing party, it is entitled to the attorneys' fees it incurred in defending against Plaintiffs' action. (*Id.*) First Federal states that the authority for an award of

attorneys' fees arises under the attorneys' fees clause of the deed of trust executed by Plaintiffs. (*Id.*)  First Federal alleges that pursuant to the deed of trust, it is entitled to reimbursement for all fees and costs incurred in connection with the enforcement of the deed of trust.  (*Id.*)

In opposition, Plaintiffs argue that the Court does not have jurisdiction to hear First Federal's Motion for Attorneys' Fees because the Court was divested of jurisdiction upon signing the order that dismissed First Federal from this action.  (Opp'n at 2.)  Plaintiffs argue that Federal Rule of Civil Procedure 54, not California law, governs First Federal's Motion.  (*Id.* at 3.)  Plaintiffs argue that First Federal cannot be considered a prevailing party because the parties terminated First Federal's involvement on their own accord.  (*Id.* at 6.)  Finally, Plaintiffs argue that First Federal's attorneys' fees claim is excessive and unreasonable.  (*Id.* at 8.)

**I.     Whether the Court Has Jurisdiction Over First Federal's Motion**

The Court first examines Plaintiffs' argument that the Court lacks jurisdiction over the instant Motion.  Federal Rule of Civil Procedure 41(a)(1) establishes that an action may be dismissed by the plaintiff without order of court by "filing a stipulation of dismissal signed by all parties who have appeared in the action."  Fed. R. Civ. P. 41(a)(1).  Once a stipulation of dismissal has been filed, "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."  *See Duke Energy Trading & Mktg., LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001).  However, even after Rule 41 terminates jurisdiction on the merits, a court retains jurisdiction over collateral matters.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).

The parties' stipulation of dismissal did not divest the Court of jurisdiction over the instant Motion for Attorneys' Fees.  "[I]t is clear that an award of attorney's fees is a collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits." *Moore*, 981 F.2d at 445.  Accordingly, a decision regarding the imposition of attorney's fees may be made after a party has been dismissed under Rule 41.  *See Cooter & Gell*, 496 U.S. at 396.  The Court therefore **FINDS** that even though First Federal has been dismissed from the instant action, the Court has jurisdiction over the Motion for Attorneys' Fees.

**II.     Whether State or Federal Law Applies**

The Court next examines whether state or federal law applies to First Federal's Motion for Attorneys' Fees. First Federal argues that state law governs the instant Motion because its right to recover attorneys' fees is contractually based. (*See* Mot. at 3-5.) Plaintiffs argue that federal law governs the Motion because Federal Rule of Civil Procedure 54 "is directly on point and governs First Federal's claims, and thus cannot be supplanted by any inconsistent state law provision." (Opp'n at 3-4.)

A federal court must apply state law in interpreting an attorneys' fees provision of a contract. *See Franklin Fin. v. Resolution Trust Corp.*, 53 F.3d 268, 273 (9th Cir. 1995) (citing *Resolution Trust Corp. v. Midwest Fed. Savings Bank*, 36 F.3d 785, 800 (9th Cir. 1993)). The court "must apply state law in this situation unless (1) the claim for fees arose under some federal statute, or (2) the litigated issues involve not basic contractual enforcement question [sic], but issues peculiar to [federal law]." *Id.* (quoting *Midwest Fed. Savings*, 36 F.3d at 800).

To determine whether attorneys' fees are warranted in the instant case, the Court must interpret the attorneys' fees provision of the deed of trust. The Court must apply state law in interpreting this provision unless (1) First Federal's claim for fees arises under a federal statute, or (2) the litigated issues involve not basic contractual enforcement questions, but issues peculiar to federal law. *See Franklin Fin.*, 53 F.3d at 273. The first prong of this analysis suggests that state law should apply because First Federal's claim for fees arises under a contract, i.e., the deed of trust. The second prong of this analysis also suggests that state law should apply because Plaintiffs' claims against First Federal would have required an adjudication of the parties' responsibilities and rights under the deed of trust. Specifically, Plaintiffs' Complaint seeks rescission of the loan with First Federal based on allegations of fraud, duress, and undue influence. (*See* Compl. ¶¶ 180-183.) In any event, it makes little difference whether the Court applies state or federal law because, as discussed below, First Federal is a prevailing party as defined under both state and federal law.

**III.    Whether First Federal Is a Prevailing Party**

The Court next examines whether First Federal is a prevailing party. Because the parties filed a joint motion to dismiss First Federal with prejudice, and the Court issued an order granting the joint motion, First Federal argues that it is a prevailing party. (Mot. to Dismiss at 4.) In opposition, Plaintiffs argue that First Federal cannot be considered a prevailing party because the parties terminated First Federal's involvement on their own accord. (Opp'n to Mot. at 6.) For the reasons stated below, the Court **FINDS** that First Federal is a prevailing party regardless of whether the instant motion is analyzed under state or federal law.

Whether a party is entitled to recover attorneys' fees is governed by California Code of Civil Procedure Section 1032, which states that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Cal. Civ. Proc. Code § 1032(b) (Deering 2007). The Code of Civil Procedure defines "prevailing party" as including "a defendant in whose favor a dismissal is entered." § 1032(a)(4). The California Supreme Court has held that when a plaintiff voluntarily dismisses an action with prejudice, the defendants "are defendants in whose favor a dismissal has been entered." *Santisas v. Goodin*, 951 P.2d 399, 403 (Cal. 1998). Accordingly, such Defendants are "prevailing parties" within the meaning of Code of Civil Procedure Section 1032 and are "entitled as a matter of right to recover costs." *Id.* (citing § 1032).

If a court applies federal instead of state law regarding the definition of a prevailing party, a similar outcome results where a plaintiff voluntarily dismisses the action with prejudice. The Ninth Circuit has held that a voluntary dismissal with prejudice has the effect of conferring on a defendant "prevailing party" status under Federal Rule of Civil Procedure 54(d). *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997) (citations omitted). As explained by the Ninth Circuit, "[b]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant . . . is clearly the prevailing party" on the dismissed claims. *Id.* (citations omitted).

Plaintiffs and First Federal filed a joint motion to dismiss this action with prejudice, the Court approved the joint motion, and First Federal was dismissed with prejudice. [*See* Doc. Nos. 16, 18.] Whether the Court analyzes the instant Motion for Attorneys' fees under state or

federal law, the outcome is the same: a party voluntarily dismissed with prejudice is a prevailing party. *See Zenith*, 108 F.3d at 207; *Santisas*, 951 P.2d at 403. The Court therefore **FINDS** that First Federal is a prevailing party.

**IV.    Whether Plaintiffs' Claims Fall Within the Fee Provision of the Deed of Trust**

The Court next examines whether the fee provision of the deed of trust encompasses the type of claims Plaintiffs filed. The fee provision of the deed of trust[1] reads as follows:

> (35) Attorneys' Fees. Borrower agrees to pay the following costs, expenses and attorney's fees paid or incurred by the Note Holder: (1) *reasonable costs of collection, expenses, and attorneys' fees paid or incurred in connection with the collection, enforcement or interpretation of the Note or this Deed of Trust*, whether or not suit is filed; (2) reasonable costs of collection, expenses, and attorneys' fees paid or incurred in workout negotiations or modifications; and (3) costs of suit and attorneys' fees in such sum as the court may adjudge in any action to enforce payment of this Deed of Trust or any part of it.

(Req. for Judicial Notice Ex. D at 27 (emphasis added).) This fees provision is sufficiently broad to encompass the claims Plaintiffs raised against First Federal in the Complaint. Plaintiffs challenge the enforcement of the deed of trust by arguing that the obligations of the loan were obtained by fraud, duress, and undue influence. (Compl. ¶ 180.) Plaintiffs seek rescission as a remedy. (*Id.*) Because the requested remedy affects the enforcement of the deed of trust, this action comes within the plain language of the deed of trust allowing recovery of attorney fees "incurred in connection with . . . enforcement or interpretation of the Note or this Deed of Trust." (Req. for Judicial Notice Ex. D at 27 (emphasis added).) Because First Federal is the prevailing party, and because the deed of trust encompasses the claims brought in the Complaint, the Court **GRANTS** First Federal's request for attorneys' fees.

---

[1] Plaintiffs argue that the deed of trust has not been properly authenticated and is therefore inadmissible. (Opp'n at 7.) However, as First Federal points out, under Federal Rule of Civil Procedure 902(4), public records such as deeds of trust are self-authenticating documents. First Federal has attached a certified copy of the deed of trust to its Reply, thereby satisfying the authentication requirement. (Req. for Judicial Notice Ex. D.) In any event, Plaintiffs do not dispute that the deed of trust contains an attorneys' fees clause, nor do they dispute the content of that clause.

**V.     Whether the Attorneys' Fees First Federal Seeks Are Reasonable**

In support of the requested amount of $35,103.00 in attorneys' fees, First Federal has submitted a declaration by Steven N. Richman, counsel for First Federal, along with contemporaneous billing time sheets.  [Doc. No. 24.]  The Court examines the declaration and the time sheets to determine whether the attorneys' fees First Federal seeks are reasonable.

    **A.     The Hourly Rates Sought by First Federal's Attorneys**

The hourly rates for First Federal's attorneys are reasonable.  Attorney Steven N. Richman seeks $185.00 an hour.  (Richman Decl. ¶ 4.)  Attorney Nami R. Kang seeks $200.00 an hour.  (*Id.*)  Attorney Mark Robbins seeks $250.00 an hour.  (*Id.* Ex. A at 5.)  Plaintiffs do not argue or present any evidence that these rates are unreasonable.  Based on the Court's knowledge of relevant rates in this legal community, the Court **FINDS** First Federal's claimed rates reasonable.

    **B.     The Number of Hours Billed by First Federal's Attorneys**

The Court must next determine whether the number of hours billed in this matter is reasonable.  Plaintiffs argue that First Federal billed an excessive number of hours in litigating this matter.  First Federal claims that it has billed 152.80 hours in defending against Plaintiffs' action.  (*Id.* ¶ 4.)

"In determining reasonable hours, [the party requesting fees] bears the burden of submitting detailed time records justifying the hours claimed to have been expended."  *Chalmers v. Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  A court should exclude hours "that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.' "  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Plaintiffs argue that the number of hours First Federal billed is excessive for several reasons.  Plaintiffs assert that the parties settled their dispute and stipulated to dismiss the action against First Federal on August 9, 2007.  (Opp'n at 8.)  Because the parties settled their dispute, Plaintiffs argue that there was no reason for First Federal to continue to incur attorneys' fees after August 9, 2007.  (*Id.*)  Plaintiffs also argue that they should not be liable for the fees that

First Federal accrued in filing a cross-claim against Defendant California Home. (*Id.*) Additionally, Plaintiffs argue that they should not be liable for the hours that First Federal's attorneys' spent in preparing an Early Neutral Evaluation ("ENE") settlement brief or in appearing at the ENE conference. (*Id.*) Plaintiffs assert that the hours First Federal spent conducting a public records and background search on each of the parties were unnecessary. (*Id.*) Similarly, Plaintiffs assert that the hours First Federal expended in negotiating the repurchase of Plaintiffs' loan from an investor were unnecessary. (*Id.*)

### 1. Whether First Federal Can Recover Attorneys' Fees Incurred After the Parties Filed the Joint Motion to Dismiss

The Court first examines Plaintiffs' claim that the parties settled their dispute on August 9, 2007, and that Plaintiffs should not be liable for the attorneys' fees that First Federal accrued after that date. Plaintiffs and First Federal did not sign the Joint Motion to Dismiss First Federal until August 14, 2007, and Defendant California Home did not sign the Joint Motion until August 15, 2007. [Doc. No. 16.] The Joint Motion was filed on August 15, 2007, and approved by the Court on August 16, 2007. [*See id.*; Doc. No. 18.] For the reasons stated below, the Court **FINDS** that Plaintiffs are not liable for attorneys' fees accrued after the parties filed the Joint Motion to dismiss First Federal from the action on August 15, 2007.

The deed of trust provides that the borrower shall pay attorneys' fees "incurred in connection with collection, enforcement or interpretation of the . . . Deed of Trust." (Req. for Judicial Notice Ex. D at 27.) Plaintiffs and First Federal filed a joint motion to dismiss the action against First Federal on August 15, 2007, and the deed of trust remained in effect. As noted by First Federal, "The loan is still in existence, and First Federal prevailed by enforcing the loan documents and its rights thereunder." (Reply at 1.) Accordingly, the enforceability of the deed of trust between Plaintiffs and First Federal was no longer at issue after the parties filed the Joint Motion. Because the fee provision at issue governs fees incurred in connection with enforcement of the deed, First Federal cannot recover attorneys' fees accrued after Plaintiffs dismissed their challenge to the deed of trust's enforceability. The Court finds that August 15, 2007, is the date on which the enforceability of the deed of trust was no longer disputed by the

parties.[2] As stated above, this is the date on which the parties filed the joint motion to dismiss First Federal. [*See* Doc. No. 16.] The Court therefore **DENIES** First Federal's request for attorneys' fees as to all hours billed after August 15, 2007.

## 2. Whether First Federal Can Recover Attorneys' Fees for Its Cross-Claim Against Defendant California Home

The Court next examines whether First Federal should be permitted to recover attorneys' fees for the hours it expended in filing a Cross-Complaint against Defendant California Home. Plaintiffs argue that First Federal should be barred from recovering fees for preparation of the cross-claim because the cross-claim is unrelated to Plaintiffs' claims, and any fees incurred in filing the cross-claim must be recovered from California Home. (Opp'n at 8.) First Federal argues that the cross-claim is related to Plaintiffs' claims because, but for Plaintiffs' filing of the Complaint, First Federal would not have been required to file the cross-claim. (Reply at 8.)

As previously noted, the deed of trust provides that the borrower shall pay attorneys' fees "incurred in connection with collection, enforcement or interpretation of the . . . Deed of Trust." (Req. for Judicial Notice Ex. D at 27.) An examination of the Cross-Complaint reveals that it does not address the enforceability of the deed of trust. Rather, the Cross-Complaint seeks a determination that First Federal is entitled to be indemnified by California Home for any costs, expenses, or liabilities incurred by First Federal in defending against Plaintiffs' lawsuit. (*See* Cross-Compl. ¶ 8.) In addition, First Federal notes in the instant Motion for Attorneys' Fees that it repeatedly requested that California Home defend and indemnify First Federal, but California Home never responded to these requests. (Mot at 1.) After failing to persuade California Home to pay First Federal's costs of defending against this action, First Federal filed the instant Motion against Plaintiffs to recover its attorneys' fees. The Court **FINDS** that the terms of the deed of trust do not encompass the fees First Federal incurred in filing the Cross-Complaint. The deed of trust plainly contemplates that Plaintiffs would be held responsible for the fees First Federal

---

[2] Although Plaintiffs assert that they settled their dispute with First Federal on August 9, 2007, Plaintiffs have provided no documentation establishing that the parties reached a settlement on this date. The Court therefore declines Plaintiffs' request to bar First Federal from recovering fees accrued between August 9, 2007, and August 15, 2007.

incurred in enforcing the deed of trust.  The Cross-Complaint does not seek enforcement of the deed of trust, but instead seeks to hold California Home responsible for First Federal's costs in defending against Plaintiffs' action.  The language of the deed of trust does not dictate that Plaintiffs should be held responsible for First Federal's failed efforts to recover its attorneys' fees from California Home.  Accordingly, the Court **DENIES** First Federal's request for attorneys' fees as to all hours billed in connection with the Cross-Claim against California Home.

### 3. Whether First Federal Can Recover Attorneys' Fees Related to the Early Neutral Evaluation Conference

The Court next examines whether it should grant First Federal's request for attorneys' fees related to the Early Neutral Evaluation ("ENE") conference.  Plaintiffs argue that they should not be liable for the fees First Federal incurred in preparing an ENE settlement brief and appearing at the ENE conference because First Federal was dismissed prior to the ENE conference.  (Opp'n at 8.)  First Federal argues that it is entitled to recovery of these fees because the Court scheduled the ENE conference well before Plaintiffs dismissed First Federal from the Complaint.  (Reply at 8.)

On July 24, 2007, Magistrate Judge Anthony J. Battaglia scheduled the ENE conference for August 17, 2007.  [Doc. No. 12.]  As stated above, First Federal is not entitled to recover attorneys' fees incurred after Plaintiffs filed the joint motion to dismiss on August 15, 2007.  Because the ENE conference took place after the joint motion was filed, the Court **DENIES** First Federal's request for the attorneys' fees incurred during its appearance at the ENE conference.  However, the Court finds credible First Federal's claim that it had researched, drafted, and reviewed its ENE conference statement well before the conference date.  The joint motion to dismiss First Federal was filed only two days before the ENE conference, and the enforceability of the deed of trust was therefore still at issue when First Federal prepared its ENE conference statement.  The Court thus **FINDS** that First Federal can recover the attorneys' fees incurred in preparing for the ENE conference.

1    In addition to the hours First Federal billed in preparing for the ENE conference, First
2 Federal billed 8.6 hours in attempting to continue the ENE conference date.  (*See* Richman Decl.
3 Ex. A.)  However, First Federal never filed a joint motion or ex parte application to continue the
4 ENE conference date.  Given that First Federal never filed papers to seek a continuance, it is
5 unclear to the Court why it was necessary to expend over eight hours in attempting to move the
6 ENE conference date.  The Court therefore **FINDS** that First Federal is barred from recovering
7 the attorneys' fees incurred in connection with its attempt to continue the ENE conference.

### 4. Whether First Federal Can Recover Attorneys Fees Related to Investigation of Public Records

10   Plaintiffs assert that the hours First Federal spent conducting public records and
11 background searches on the parties were unnecessary.  (Opp'n at 8.)  After reviewing the billing
12 time sheets, it appears that First Federal spent 0.9 hours conducting a public records and
13 background search on Plaintiff Stanley Wells.  (*See* Richman Decl. Ex. A.)  The time sheets do
14 not clearly indicate whether First Federal conducted a public records or background search on
15 any of the other parties.  The time sheets indicate that First Financial was attempting to retrieve
16 records regarding Mr. Wells' criminal history.  (*See id.*)  First Financial does not explain why it
17 was necessary to investigate Mr. Wells' criminal history at this stage in the litigation, nor can the
18 Court discern why Mr. Wells' criminal history would have been relevant to the enforceability of
19 the deed of trust.  The Court therefore **FINDS** that First Federal is barred from recovering the
20 attorneys' fees incurred in connection with its investigation of Mr. Wells' criminal history.

### 5. Whether First Federal Can Recover Attorneys' Fees Related to the Repurchase of Plaintiffs' Loan

23   Plaintiffs assert that the hours First Federal spent negotiating the repurchase of Plaintiffs'
24 loan from an investor were unnecessary.  (Opp'n at 9.)  In opposition, First Federal argues that
25 lenders normally sell home loans to investors and agree to indemnify them for any claims of
26 breach of contract or wrongdoing in the funding of the loan.  (Reply at 8.)  First Federal argues
27 that it was contractually obligated to repurchase the loan because Plaintiffs alleged fraud and
28 irregularity with regard to the funding of the loan.  (*Id.*)  First Federal states that had it not

repurchased the loan, Plaintiffs would have had to name additional parties because First Federal no longer owned the loan at the time Plaintiffs filed their Complaint.  (*Id.*)

As previously noted, the deed of trust provides that the borrower shall pay attorneys' fees "incurred in connection with collection, enforcement or interpretation of the . . . Deed of Trust." (Req. for Judicial Notice Ex. D at 27.)  First Federal's actions in repurchasing the loan were not directly related to the enforcement of the deed of trust.  Rather, First Federal was bound to repurchase the loan due to contractual obligations that were unrelated to the deed of trust. Because the repurchase of the loan was irrelevant to the enforceability of the loan, the Court **FINDS** that First Federal is barred from recovering the attorneys' fees incurred in connection with its repurchase of the loan.

### 6. Whether First Federal Has Submitted Detailed Time Records Justifying the Hours Claimed to Have Been Expended

First Federal "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *See Chalmers*, 796 F.2d at 1210.  Time records must be adequate to show the amount of time spent and the manner in which it was spent.  The Court finds several instances in which First Federal's time sheets are not sufficiently detailed to justify the hours claimed to have been expended.  The plain language of the deed of trust provides that First Financial can recover attorneys' fees for costs incurred in enforcing the deed of trust. Several entries fail to identify the subject matter of a communication, making it impossible for the Court to determine whether the entries are related to the enforceability of the deed of trust. The Court **FINDS** that the following entries are too vague to justify an award of attorneys' fees:

| DATE | ATTORNEY | DESCRIPTION | HOURS |
| --- | --- | --- | --- |
| 07/02/07 | SNR | Review e-mails | 0.10 |
| 07/03/07 | SNR | Read e-mails on various subjects; prepare replies | 0.40 |
| 07/05/07 | SNR | Review e-mails; prepare replies | 0.50 |
| 07/06/07 | SNR | Review e-mails; prepare replies | 0.30 |
| 07/07/07 | SNR | Review e-mail; prepare reply | 0.10 |
| 07/09/07 | SNR | Prepare e-mails; review e-mails; prepare replies | 0.70 |

| | | | | |
|---|---|---|---|---|
| 1 | 07/09/07 | SNR | Finalize correspondence | 0.40 |
| 2 | 07/10/07 | SNR | Finalize correspondence | 0.10 |
| 3 | 07/10/07 | SNR | Read e-mail; prepare e-mail and replies; prepare related Memorandum | 0.30 |
| 4 | 07/10/07 | SNR | Review e-mail | 0.10 |
| 5 | 07/12/07 | SNR | Edit several letters | 0.10 |
| 6 | 07/12/07 | SNR | Review fax | 0.10 |
| 7 | 07/12/07 | SNR | Read e-mail; prepare e-mail | 0.20 |
| 8 | 07/14/07 | SNR | Read e-mail; prepare Memorandum | 0.20 |
| 9 | 07/15/07 | SNR | Evaluate potential electronic discovery | 0.10 |
| 10 | 07/15/07 | SNR | Revise correspondence to several persons | 0.10 |
| 11 | 07/16/07 | SNR | Edit and finalize several letters | 0.30 |
| 12 | 07/16/07 | SNR | Study Research Memorandum | 0.10 |
| 13 | 07/17/07 | SNR | Edit correspondence | 0.10 |
| 14 | 07/18/07 | SNR | Review e-mail; prepare e-mail | 0.20 |
| 15 | 07/19/07 | SNR | Finalize correspondence | 0.10 |
| 16 | 07/20/07 | SNR | Review e-mail; prepare replies | 0.30 |
| 17 | 07/22/07 | SNR | Read recent e-mail; prepare memorandum | 0.10 |
| 18 | 07/23/07 | SNR | Revise and finalize correspondence | 0.50 |
| 19 | 07/24/07 | SNR | Finalize correspondence to several persons | 0.30 |
| 20 | 07/25/07 | SNR | Revise correspondence | 0.20 |
| 21 | 07/29/07 | SNR | Read recent correspondence | 0.10 |
| 22 | 07/29/07 | SNR | Read e-mail; prepare Memorandum | 0.10 |
| 23 | 07/30/07 | SNR | Revise and finalize correspondence to several persons | 0.30 |
| 24 | 07/31/07 | SNR | Read e-mail; review e-mail | 0.10 |
| 25 | 07/31/07 | SNR | Revise and finalize correspondence | 0.30 |
| 26 | 08/02/07 | SNR | Finalize correspondence to several persons; review the enclosures; confer thereon | 1.00 |
| 27 | 08/03/07 | SNR | Read e-mails; prepare replies | 0.20 |
| 28 | 08/07/07 | SNR | Review recent correspondence and e-mail; prepare Memorandum | 0.20 |
| | 08/08/07 | SNR | Read e-mails; prepare replies | 0.60 |

| 08/09/07 | SNR | Review e-mails; prepare replies | 0.10 |
|---|---|---|---|
| 08/09/07 | SNR | Review correspondence | 0.10 |
| 08/09/07 | SNR | Review correspondence | 0.10 |
| 08/10/07 | SNR | Read correspondence | 0.10 |
| 08/10/07 | SNR | Review e-mail from counsel; prepare replies and e-mail | 0.50 |
| 08/11/07 | SNR | Finalize correspondence | 0.20 |
| 08/11/07 | SNR | Read e-mails | 0.20 |

**7.     Summary of Hours**

Based on the above analysis, the Court finds that the following hours billed by the named attorneys are disqualified from inclusion in the final fee award:

    Mark Robbins            10.2 hours
    Steven N. Richman       24.6 hours
    Nami R. Kang            22.7 hours

The Court finds that the following hours billed by the named attorneys are reasonable and shall be included in the final fee award:

| ATTORNEY | HOURS | RATE | FEES |
|---|---|---|---|
| Mark Robbins | 2.2 | $250.00 per hour | $550.00 |
| Steven N. Richman | 47.2 | $185.00 per hour | $8,732.00 |
| Nami R. Kang | 45.9 | $200.00 per hour | $9,180.00 |
|  |  | **TOTAL:** | **$18,462.00** |

Accordingly, the Court **FINDS** that the total amount of attorneys' fees to be paid by Plaintiffs to Defendant First Federal is **$18,462.00**.

//
//
//
//
//
//

*Conclusion*

For the reasons stated above, the Court **GRANTS** Defendant First Federal's Motion for Attorneys' Fees and **AWARDS** Defendant First Federal attorneys' fees in the amount of **$18,462.00**.

**IT IS SO ORDERED.**

DATED: October 4, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge Battaglia
    All Counsel of Record